Glen Crochette v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-119-CR

GLENN CROCHETTE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Glenn Crochette of aggravated assault, found the enhancement paragraphs true, and assessed his punishment at twenty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In four points, Appellant complains about an overruled challenge for cause and the exclusion of evidence.  We affirm the trial court’s judgment.

Appellant got into a verbal altercation with some juveniles at an apartment complex playground.  The adult complainant heard the commotion from his apartment and went to the playground to see what was going on.  Appellant ultimately lunged at the complainant with a knife and cut his forearm.  The evidence conflicted on the issue of self-defense.

In his first point, Appellant contends that the trial court erred by overruling his challenge for cause to a member of the venire.  As the Texas Court of Criminal Appeals has held,

To preserve error on denied challenges for cause, an appellant must demonstrate on the record that:  1) he asserted a clear and specific challenge for cause; 2) he used a peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied;  and 5) an objectionable juror sat on the jury.
(footnote: 2)

Appellant has not demonstrated that he exhausted his peremptory challenges, that the trial court denied a request for additional strikes, or that an objectionable person sat on the jury.  He has therefore failed to preserve this complaint.  We overrule Appellant’s first point.

In his remaining three points, Appellant contends that the trial court erred by excluding evidence concerning the prior relationship between Appellant and the juveniles at the playground.  He argues that the trial court’s rulings prevented him “from eliciting vital information concerning the prior relationships between the parties in the apartment complex as well as the intent or motive of the teenagers in regard to Appellant.”  He focuses on the fact that he raised the issue of self-defense.  Our review of the record shows that the questions sought information about an adult eyewitness and the juveniles; they sought no information about the complainant or his relationship with Appellant.
(footnote: 3)  The trial court therefore correctly held that the questions sought irrelevant evidence.
(footnote: 4)  We overrule Appellant’s second, third, and fourth points.

Having overruled Appellant’s four points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Feldman v. State
, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002) (citing 
Green v. State
, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997)).

3:
See Tate v. State
, 981 S.W.2d 189, 193 (Tex. Crim. App. 1998) (holding evidence that complainant was first aggressor was relevant).

4:
See id.
; 
see also Weston v. State
, No. 2-04-00247-CR, 2005 WL 1477870, at *1 (Tex. App.—Fort Worth June 23, 2005, no pet.) (mem. op.) (not designated for publication) (holding trial court properly excluded evidence concerning whether boss, who was not the complainant, was disliked by employees other than the defendant).